EBB B. NAY AND LOTTIE NAY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32432. Promulgated October 31, 1952.

*Lawrence R. Lynch, Esq.*, for the petitioners.
*Robert F. O'Malley, Esq.*, for the respondent.

[1] Regulations 111, section 29.211–2.

116

OPINION.

LeMire, *Judge:* The principal question presented is whether the petitioners, by the agreement of March 1, 1948, effected the sale of a capital asset entitling them to the benefit of the capital gain and loss provisions of section 117 of the Internal Revenue Code.

The petitioners contend that the lease and agreement of March 1, 1948, was in legal effect the granting of an easement, an interest in real property, and a capital asset. The respondent contends that the instrument in question was a lease of the surface lands and not an absolute transfer of title to real property.

We think the instrument in question is not free from ambiguity. While the term "lease" is employed in its various provisions, and the parties thereto are denominated "lessors" and "lessee," the operative clause is "grant and convey," terms ordinarily employed in deeds. The use of certain terms is not controlling. The cardinal rule of construction of an ambiguous instrument is to ascertain the intention of the parties. The intention is to be gathered from the language of the instrument, the situation of the parties, and the purposes to be accomplished.

The petitioners were owners of the surface lands of the property involved and had no right to the minerals beneath the surface. The agreement was not to become effective until Construction Company acquired the right from the owners of the coal deposits to remove the same. The owners of the coal deposits had an easement in the surface lands in question to remove the coal by shaft mining, but not by the so called stripping method. Construction Company was not interested in acquiring the fee to the surface lands, but desired merely the right and privilege to remove the coal by the stripping method. Obviously, the purpose of the agreement in question was to meet such a situation.

The instrument provides, in part, that the lessors "do hereby grant and convey * * * the exclusive right and privilege to enter in and upon and to use the overlying ground and surface * * * as may be necessary or convenient for mining, removing, excavating, stripping and marketing said coal."

The words "grant and convey" are not incompatible with the conveyance of a lesser interest than a fee. *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526, 531.

The instrument contains no habendum clause, thus indicating the existence of a personal privilege in the nature of an easement. The petitioners contend that the instrument merely grants a right of way. They make no contention that title to the surface land was conveyed. A conveyance of a right of way conveys no interest in the soil, but is merely an easement, an incorporeal hereditament, with the fee remaining in the grantor. *Uhl* v. *Ohio River R. Co.*, 51 W. Va. 106, 41 S. E. 340, 342.

If, as petitioners argue, the instrument is to be construed as granting an easement, since the right or privilege transferred is limited to the time required to remove the coal and, in any event, not to exceed three years, it was a very limited easement. In the cases of *H. L. Scales*, 10 B. T. A. 1024, and *Inaja Land Co.*, 9 T. C. 727, on which the petitioners rely, the easements involved were perpetual and transferred the fee. They are clearly distinguishable from the instant case.

We think it is unnecessary for us to determine whether the instrument here involved is a lease, an irrevocable license in the nature of an easement, or a limited easement, as all such interests are incorporeal rights or privileges and do not constitute transfers of absolute title. A grant of a limited easement, such as here involved, does not constitute a sale of real property. The term "sale" generally imports the transfer of all the right, title, and interest in the property transferred.

The instrument in question, when read in its entirety and viewed in the light of the facts and circumstances surrounding its execution, in our opinion, did not effect the sale of a capital asset within the purview of section 117 of the Internal Revenue Code. We, therefore, hold that the entire consideration received by the petitioner under such agreement constituted ordinary income under section 22 (a) of the Code.

The remaining issue presents the question whether the respondent erred in allowing the amount of $510 against the total consideration received by the petitioners under such agreement as damages to petitioners' property. By amended answer the respondent alleges error in making such allowance and seeks an increased deficiency based on the amount of $510.

Since we have determined that the instrument in question effected no sale of a capital asset, the deduction allowed for shrinkage in the fair market value of the premises was improper. *Mrs. J. C. Pugh, Sr., Executrix*, 17 B. T. A. 429, affd. 49 F. 2d 76, certiorari denied 284 U. S. 642. The increased deficiency is allowed.

*Decision will be entered under Rule 50.*